David B. Shemano (State Bar No. 176020)
*dshemano@pwkllp.com*
Monsi Morales (State Bar No. 235520)
*mmorales@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>POLLO WEST CORP., a California corporation,<br><br>Debtor and Debtor in Possession. | Case No.: 1:11-11433-VK<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR JOINT ADMINISTRATION OF ESTATES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[DECLARATION OF MICHAELA MENDELSOHN IN SUPPORT OF EMERGENCY MOTIONS FILED SEPARATELY]**<br><br>**Hearing:**<br><br>Date:  [TO BE SET]<br>Time:  [TO BE SET]<br>Place: Courtroom 301<br>           21041 Burbank Blvd.<br>           Woodland Hills, CA 91367 |

Pollo West Corp. ("Pollo West" or the "Debtor"), as debtor and debtor-in-possession in the above-captioned case (the "Case"), hereby moves for an order authorizing the joint administration of the Case with the related chapter 11 case of Mi Pollo, Inc. ("Mi Pollo," and together with Pollo West, the "Debtors"), Case No. 1:11-11434-VK (together with the Case, the "Related Cases"), pending before the Bankruptcy Court for the Central District of California (the "Motion").[1]  In support of this Motion, the Debtor submits the concurrently filed Declaration of Michaela Mendelsohn ("Mendelsohn Declaration").

---

[1] Motions for joint administration are being filed in each case concurrently.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157. This matter concerns the administration of this bankruptcy estate and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Bankruptcy Rule 1015-1(b).

**II.**

**GENERAL BACKGROUND**

The Debtors are both subchapter S corporations co-owned by Michaela Mendelsohn and Barbara Mendelsohn. Pursuant to franchise agreements, the Debtors currently own and operate 13 "El Pollo Loco" restaurants in Southern California, with a corporate headquarters in Agoura Hills. El Pollo Loco is the nation's leading quick-service restaurant chain specializing in flame-grilled chicken. The Debtors currently have 255 employees. In 2010, the Debtors had gross revenues of approximately $16.7 million, with net store operating profits of approximately $2.2 million.

A summary of the Debtors' assets and liabilities, and the events leading to the filing of the chapter 11 cases, is fully set forth in the separately filed Mendelsohn Declaration. In summary, similar to many food franchisees across the country, the Debtors began experiencing a significant slow down in business in 2008 arising from the national financial crisis and corresponding reduction of consumer spending. Faced with significant cash flow problems, the Debtors stopped making payments to their primary secured creditor, General Electric Capital Corporation ("GECC"), in August 2009 and requested that GECC negotiate a loan modification.

Extensive negotiation efforts from August 2009 through December 2010 ultimately proved unsuccessful and on December 23, 2010, GECC filed a complaint against the Debtors in the Los Angeles County Superior Court and, shortly thereafter, filed an ex parte application for the

appointment of a receiver. While the Debtors continued to offer restructuring proposals to GECC after the complaint was filed, those proposals were rejected. On February 3, 2011, the Superior Court granted the motion and appointed a receiver. In an effort to preserve the going concern value of the Debtors' assets for all creditors and other interested parties, the Debtors commenced these cases promptly after the appointment of the receiver.

## III.

## FACTS SPECIFIC TO THIS MOTION

The Debtors are both subchapter S corporations owned by the Mendelsohns. The Debtors engage in the identical business of operating El Pollo Loco franchises, have common management and common cash management. In addition, with the exception of a few real property leases, the Debtors are joint obligors on substantially all outstanding secured debt of the businesses.

## IV.

## THE RELATED CASES SHOULD BE JOINTLY ADMINISTERED UNDER FRBP 1015(B)

FRBP 1015(b)(4) empowers the court to order the joint administration of bankruptcy cases of separate entities "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate . . ." Further, Local Bankruptcy Rule 1015-1(b) provides that:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015, supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

"Affiliate," is defined by the Bankruptcy Code to include a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with the power to vote, 20 percent or more of the outstanding voting securities of the debtor…." 11 U.S.C. § 101(2).

Here, the Court should order the joint administration of the Related Cases, as authorized by FRBP 1015(b)(4), because it will ease the burden on the Court and on the Debtors' creditors, without

3

prejudicing any party in interest. Joint administration should be ordered because the Debtors are affiliates of each other, as each is owned equally by Michaela Mendelsohn and Barbara Mendelsohn. Moreover, the Debtors' assets and liabilities are substantially similar, resulting in nearly identical schedules and creditor mailing lists. Therefore, to ease the Court's administrative burden, it is appropriate for the Debtors' bankruptcy cases to be administered together.

Furthermore, the Debtors are jointly obligated on substantially all of their outstanding secured debt, making it likely that issues will arise requiring a ruling that will impact both Debtors. By ordering joint administration, the Court will be able to both dispose of issues with one set of pleadings and a single hearing schedule, and provide creditors with single and consistent notices and rulings. Therefore, it is in the interests of judicial economy, the estate, and its creditors that the estates be administered jointly. If joint administration is not granted, each of the Debtors potentially will be forced to litigate similar, if not identical, matters in their respective chapter 11 cases. Such a result would not only be inefficient, but the duplication of matters likely would result in a significant waste of the Debtors' limited resources, as well as those of the creditors, other parties in interest, and this Court.

Additionally, the rights of the Debtors' respective creditors and other interested parties will not be adversely affected by joint administration of the Related Cases. Each creditor may still file its claim against the particular estate that allegedly owes it money. The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain their books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 cases.

The Debtor does not propose at this point to take any action that would constitute substantive consolidation of the estates, but is merely seeking authorization for procedural measures that will simplify and facilitate the efficient administration of the Related Cases. By reason of the foregoing, joint administration of the Related Cases is in the best interests of all interested parties.

## V.

## PROPOSED PROCEDURE FOR JOINT ADMINISTRATION

In order to effectuate joint administration in the Related Cases, the Debtor proposes that the Bankruptcy Court enter an order providing, among other things, the following:

a. *Pleadings and Other Papers Filed with the Court.* Except for proofs of claim, the Bankruptcy Court Clerk should maintain the same docket for all pleadings and other papers filed in the Related Cases. The docket shall be maintained under the Pollo West caption and case number (1:11-11433-VK). Parties in interest shall be directed to use the caption attached hereto as Exhibit A. Each pleading or paper filed, however, shall indicate which of the Debtors is affected by or is a party to the subject filing.

b. *Proofs of Claim.* Each proof of claim shall have the caption of the case in which it is filed.

c. *U.S. Trustee Reporting.* Reports and statements filed with the Office of the United States Trustee shall be filed separately for each of the Debtors, unless the U.S. Trustee agrees to some other requirement.

d. *Schedules and Statements.* Each of the Debtors shall file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

e. *Notice to Creditors.* Upon entry of an order approving joint administration, the Debtor shall transmit to creditors of its estate a notice substantially in the form that is attached hereto as Exhibit B.

f. *No substantive consolidation.* Nothing herein shall constitute a finding or order that the Debtors' estates shall be or should be substantively consolidated.

## VI.

## **CONCLUSION**

**WHEREFORE,** the Debtor respectfully requests entry of an order, in substantially the form attached as Exhibit C, (1) directing the joint administration of the Related Cases, and (2) granting the Debtor such other and further relief as is just.

Dated: February 4, 2011                    PEITZMAN, WEG & KEMPINSKY LLP

By:  /s/ Monsi Morales
     Monsi Morales
     David B. Shemano
Proposed Attorneys for Debtor and Debtor-in-Possession

5

# EXHIBIT A

**Exhibit A**

David B. Shemano (State Bar No. 176020)
*dshemano@pwkllp.com*
Monsi Morales (State Bar No. 235520)
*mmorales@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Proposed Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>POLLO WEST CORP., a California corporation, and MI POLLO, INC., a California corporation,<br><br>Debtors and Debtors-in-Possession.<br><br><br>**Check One or More as Appropriate:**<br><br>Affects Both Debtors:  ☐<br>Affects Pollo West Corp. only:  ☐<br>Affects Mi Pollo, Inc. only:  ☐ | Case No.: 1:11-11433-VK<br><br>Chapter 11<br><br>(Jointly Administered with Case No.: 1:11-11434-VK)<br><br><br><br>**CAPTION**<br>**Joint Administration** |

# EXHIBIT B

**Exhibit B**

David B. Shemano (State Bar No. 176020)
*dshemano@pwkllp.com*
Monsi Morales (State Bar No. 235520)
*mmorales@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Proposed Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>POLLO WEST CORP., a California corporation, and MI POLLO, INC., a California corporation,<br><br>Debtors and Debtors-in-Possession. | Case No.: 1:11-11433-VK<br><br>Chapter 11<br><br>(Jointly Administered with Case No.: 1:11-11434-VK)<br><br>**NOTICE OF JOINT ADMINISTRATION OF RELATED CASES**<br><br>(No Hearing Necessary) |
| **Check One or More as Appropriate:**<br><br>Affects Both Debtors: ☐<br>Affects Pollo West Corp. only: ☐<br>Affects Mi Pollo, Inc. only: ☐ | |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

  **PLEASE TAKE NOTICE** that Pollo West Corp. and Mi Pollo, Inc. (together, the "Debtors"), are operating as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code. The Bankruptcy Court has approved joint administration of their cases, in the following respects:

  1. Pleadings and Other Papers Filed with the Court. *Except for proofs of claim*, the Court Clerk will maintain the same docket or dockets for all pleadings and other papers filed in the Debtors' cases. The docket(s) will be maintained under the Pollo West Corp. caption and case number (1:11-

7

11433-VK). Parties in interest are directed to use the caption in the form set forth on the first page of this notice. Each pleading or paper filed, however, should indicate which of the Debtors is affected by or is a party to the subject filing.

2. <u>Proofs of Claim</u>. The joint caption should not be used for proofs of claim. Each proof of claim should be filed in the applicable case and have the caption of the case in which it is filed.

3. <u>United States Trustee Reporting</u>. Reports and statements filed with the Office of the United States Trustee will be filed separately for each of the Debtors, unless the United States Trustee agrees to some other requirement.

4. <u>Schedules and Statements</u>. Each of the Debtors will file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

Dated: February __, 2011                         PEITZMAN, WEG & KEMPINSKY LLP

                                                 By:_____
                                                     Monsi Morales
                                                     David B. Shemano
                                                 Proposed Attorneys for Debtors and Debtors-in-Possession

# EXHIBIT C

**Exhibit C**

David B. Shemano (State Bar No. 176020)
*dshemano@pwkllp.com*
Monsi Morales (State Bar No. 235520)
*mmorales@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>POLLO WEST CORP., a California corporation,<br><br>Debtor and Debtor in Possession. | Case No.: 1:11-11433-VK<br><br>Chapter 11<br><br>**ORDER AUTHORIZING JOINT ADMINISTRATION OF ESTATES**<br><br>Hearing:<br><br>Date:<br>Time:<br>Place:  Courtroom 301<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367 |

Pollo West Corp. and Mi Pollo, Inc. (together, the "Debtors"), each in its own chapter 11 case, brought before the Court a motion for an order directing joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Motion").

The Court finds that this is a core proceeding and that notice of the Motion was adequate in the circumstances of the case. The Court, having reviewed the moving papers and finding good cause, hereby

**ORDERS THAT:**

A.  The Debtors' estates shall be jointly administered as follows:

2.  *Pleadings and Other Papers Filed with the Court.* Except for proofs of claim, the Court Clerk shall maintain the same docket for all pleadings and other papers filed in the Debtors'

cases. The docket shall be maintained under the Pollo West Corp. caption and case number (1:11-11433-VK). Parties in interest are hereby directed to use the caption in the form set forth on Exhibit 1 attached hereto. Each pleading or paper filed shall, however, indicate which of the Debtors is affected by or is a party to the subject filing.

        3.    *Proofs of Claim*. Each proof of claim shall have the caption of the case in which it is filed.

        4.    *U.S. Trustee Reporting*. Reports and statements filed with the Office of the United States Trustee shall be filed separately for each of the Debtors, unless the United States Trustee agrees to some other requirement.

        5.    *Schedules and Statements*. Each of the Debtors shall file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

        6.    *Notice to Creditors*. Upon entry of this order approving joint administration, the Debtors shall transmit to creditors and equity security holders of each of their estates a notice in the form attached hereto as Exhibit 2.

    B.    Nothing herein shall constitute a finding or order that the Debtors' estates shall be or should be substantively consolidated.

###

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Peitzman, Weg & Kempinsky, LLP**
**10100 Santa Monica Blvd., Suite 1450**
**Los Angeles, CA 90067**

A true and correct copy of the foregoing document described as ***EMERGENCY MOTION FOR JOINT ADMINISTRATION OF ESTATES; MEMORANDUM OF POINTS AND AUTHORITIES,*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***February 4, 2011,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   Susan K Seflin    sseflin@wrslawyers.com
   David B Shemano    dshemano@pwkllp.com
   United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***February 4, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Served by Overnight**
Honorable Victoria Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Blvd., Suite 354
Woodland Hills, CA 91367-6606

**Served by Overnight**
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **February 4, 2011** | **Matthew M. Dryer** | **/s/ Matthew M. Dryer** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**