DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

Mary H. Haas (State Bar No. 149770)
 maryhaas@dwt.com
Craig Miller (State Bar No. 73418)
 craigmiller@dwt.com

Attorneys for Secured Creditor GE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>POLLO WEST CORPORATION, a California corporation,<br><br>    Debtor and Debtor in Possession. | Case No. 1:11-11433-VK<br><br>Chapter 11<br><br>**GE'S OMNIBUS RESPONSE TO DEBTORS' FIRST DAY MOTIONS**<br><br>**HEARING SET:  February 8, 2011**<br>**11:30 a.m.**<br><br>Courtroom 301<br>21041 Burbank Blvd.<br>Woodland Hills, CA  91367 |

## I.    INTRODUCTION

General Electric Capital Corporation and General Electric Capital Franchise Finance

Corporation, in its capacity as servicer and/or agent for General Electric Capital Business Asset

Funding Corporation of Connecticut ("GE"), secured creditor in this case, submits this

1

GENERAL ELECTRIC'S OMNIBUS RESPONSE
TO DEBTORS' FIRST DAY MOTIONS
(NO. 1:11-11433-VK)
DWT 16531864v1 0090756-000069

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

Omnibus Response to Debtors' motions in both this case and with reference to the case *In re*

2

*Mi Pollo, Inc.*, No. 11-11434-VK.

3

Submitted herewith is the Declaration of Craig Miller, authenticating pleadings filed

4

and orders entered in the action *General Electric Capital Corporation, et al. v. Pollo West*

5

*Corporation, Mi Pollo, Inc., Michael nka Michaela Mendelsohn, Barbara Mendelsohn and*

6

*Fernando Infanzon*, Superior Court for Los Angeles County, No. BC451909 (the "GE State

7

Court Action").

8

## II.      SUMMARY OF GE POSITION ON MOTIONS

9

GE has no objection to three of the Debtors' motions: Motion for Order Authorizing

10

Debtor to Continue Certain Customer Practices; Motion for Joint Administration of Estates;

11

and Motion for Order Extending Time to File Schedules and Statements.

12

13

GE has no objection to Debtors' Motion for Order Allowing Payment of Wages, *except*

14

that GE objects to payment of any sums to insiders Michaela Mendelsohn, Barbara

15

Mendelsohn or any family members.

16

GE has limited objection to the Debtors' Motion for Order Allowing Use of Cash

17

Collateral in these aspects:

18

19

1.      No compensation should be allowed to be paid to insiders Michaela

20

Mendelsohn, Barbara Mendelsohn or any family members.

21

2.      The Debtors' request to retain Anthony W. Sheppard as the Debtors' Chief

22

Restructuring Officer should be denied.

23

24

3.      Monthly cash collateral payments to GE should begin forthwith, and not be

25

delayed one month.

26

4.      Monthly cash collateral payments to GE should be in amount greater than

27

$27,000.

28

2

GENERAL ELECTRIC'S OMNIBUS RESPONSE
TO DEBTORS' FIRST DAY MOTIONS
(NO. 1:11-11433-VK)
DWT 16531864v1 0090756-000069

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.      The "variance" allowed from the budget should not exceed 5%. The requested 15%/20% is much too large.

### III.      BACKGROUND & MISUSE OF COLLATERAL

The following facts come from the Austin Declaration and Singh Declaration (Miller Decl., Exs. B & C).

GE is the primary secured creditor of the Debtors.  GE holds a security lien in all of the Debtors' fixtures, equipment and inventory on 12 restaurants.  There are four GE loans; and all four have been in payment default since September 2009.  The total principal and interest exceeds $4.2 million.  Austin Decl., ¶s 3-8.

GE conducted an examination of the Debtors' books in October 2010.  Singh Decl., ¶s 3-8. That examination revealed serious and substantial misappropriation of cash by insiders Michaela Mendelsohn and Barbara Mendelsohn.  Singh Decl. ¶s 5-12.

The Mendelsohns' misappropriations of money from the restaurants include payments to their personal housekeeper, payments on their children's' cars, medical and psychiatric fees related to Michaela Mendelsohn's gender change procedures, and, above all, at least $1.5 million in "loans" made by the companies to the Mendelsohns and never repaid.  Singh Decl. ¶s 5-12.

GE's evidence of wrongdoing by the Mendelsohns was accepted as proven by the Superior Court. *See*, Tentative Decision (Miller Decl., Ex. E).   The Bankruptcy Court's attention is respectfully directed to the Tentative Decision pages 4-7.  The Superior Court concluded: "***In sum, much of General Electric's cash Collateral has been removed by the wrongful action of the Pollo West and Mi Pollo owners.***" Id., at 7 (emphasis added).

### IV.      GE RESPONSE TO SPECIFIC MOTIONS

**1.      Motion for Order Authorizing Debtor to Continue Certain Customer Practices.**

GE has no objection to this motion.

3

GENERAL ELECTRIC'S OMNIBUS RESPONSE
TO DEBTORS' FIRST DAY MOTIONS
(NO. 1:11-11433-VK)
DWT 16531864v1 0090756-000069

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2. **Motion for Joint Administration of Estates**.

GE has no objection to this motion.

3. **Motion for Order Extending Time to File Schedules and Statement**.

GE has no objection to this motion.

4. **Motion for Order Authorizing Debtor to Pay Accrued Wages and Other Employee Benefits**.

GE has no objection to this motion as to any of Debtors' employees except for insiders Michaela Mendelsohn, Barbara Mendelsohn and family members.

As to the insiders, GE objects to any payments to them for any reason at least during the period of the interim cash collateral order. The Debtors hold large claims against the Mendelsohns. The Mendelsohns have misappropriated large amounts of cash from these Debtors. There is no reason under those circumstances why further payments should be made to insiders.

5. **Motion for Order Authorizing and Approving (A) Use of Cash Collateral, (B) Grant of Adequate Protection to Secured Creditors, and (C) Payment pursuant to 11 U.S.C. § 503(b)(9)**.

As noted, GE objects to any payments to insiders.

GE objects to the hiring of Anthony W. Sheppard as a "Chief Restructuring Officer," compensated at $10,000 per month. Mr. Sheppard is not an acceptable candidate for that position, in the opinion of GE. Furthermore, before any such person is hired by the Debtors, there should be a much more detailed presentation to the Court and interested parties of the proposed duties of the position, a justification of need, and the qualifications of the person proposed to fill it.

GE objects to the provision in the cash collateral order for a budget variance allowance of 15%/20%. That is simply excessive. An appropriate variance, for a short term budget covered by this interim order, should be 5%.

4

GENERAL ELECTRIC'S OMNIBUS RESPONSE
TO DEBTORS' FIRST DAY MOTIONS
(NO. 1:11-11433-VK)
DWT 16531864v1 0090756-000069

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

GE requests the following language for cash collateral order paragraph B, in order to protect

GE's lien interest in inventory:

> As adequate protection for the Debtor's use of inventory and cash collateral, to the extent that the Debtor's use, on and after the Petition Date, of inventory and cash collateral of a secured creditor results in a diminution in the value of the inventory or cash collateral of the secured creditor, the secured creditor shall have a replacement lien on and security interest in  postpetition property of the same type and character as the property to which the secured creditor's valid, perfected and unavoidable prepetition lien extended.

GE objects to an adequate protection payment of only $27,000 per month; and further

objects to a delay of one month in receipt of that payment.  The ordinary monthly payment due GE

is $67,438.40.  Michaela Mendelsohn's Declaration states that in 2010 the 13 restaurants yielded

$2.2 million in net operating profits.  M. Mendelsohn Decl., ¶ 2.  (Secured creditor GE received

zero in 2010.)  Based on Michaela Mendelsohn's testimony there clearly is capacity for these

Debtors to pay adequate protection payments well in excess of $27,000 per month.

DATED:  February 8, 2011

DAVIS WRIGHT TREMAINE LLP

By: _____
     Mary H. Haas
     Craig Miller

Attorneys for Secured Creditor
GENERAL ELECTRIC CAPITAL
CORPORATION and GENERAL ELECTRIC
CAPITAL FRANCHISE FINANCE
CORPORATION, in its capacity as servicer and/or
agent for GENERAL ELECTRIC CAPITAL
BUSINESS ASSET FUNDING CORPORATION
OF CONNECTICUT

GENERAL ELECTRIC'S OMNIBUS RESPONSE
TO DEBTORS' FIRST DAY MOTIONS
(NO. 1:11-11433-VK)
DWT 16531864v1 0090756-000069

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899