David B. Shemano (State Bar No. 176020)
*dshemano@peitzmanweg.com*
Monsi Morales (State Bar No. 235520)
*mmorales@peitzmanweg.com*
PEITZMAN WEG LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Counsel for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>POLLO WEST CORP., a California corporation, and MI POLLO, INC., a California corporation,<br><br>Debtors and Debtors-in-Possession<br><br>**Check One or More as Appropriate:**<br>Affects Both Debtors: ☒<br>Affects Pollo West Corp. only: ☐<br>Affects Mi Pollo, Inc. only: ☐ | Case No.: 1:11-11433-VK<br><br>Chapter 11<br><br>(Jointly Administered with Case No.: 1:11-11434-VK)<br><br>**DECLARATION OF MICHAELA MENDELSOHN IN SUPPORT OF CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION DATED MARCH 13, 2012**<br><br>**Confirmation Hearing:**<br><br>Date: May 3, 2012<br>Time: 2:30 p.m.<br>Place: Courtroom 301<br>　　　　21041 Burbank Blvd.<br>　　　　Woodland Hills, CA 91367 |

I, Michaela Mendelsohn, declare as follows:

1.  I am the President of Pollo West Corp. ("Pollo West") and Mi Pollo, Inc. ("Mi Pollo," and together with Pollo West, the "Debtors"). The facts and matters set forth herein are true upon my own personal knowledge and, if called to testify, I could and would competently testify thereto.

1

I make this declaration in my capacity as President of the Debtors, and in support of confirmation of the Debtors' Plan Of Reorganization Dated March 13, 2012 (the "Plan").

2. I have been an insider of the Debtors (or their predecessors) since 1986. The following is a summary of my professional experience with the El Pollo Loco franchise:

- From 1986 to present, opened and operated a total of 18 El Pollo Loco restaurants.
- From 1992 to 2001, served as President of the El Pollo Loco Franchise Association.
- From 1990 to 2005, served on the Marketing Advisory Council (MAC) for the El Pollo Loco brand.
- From 1992 to 2000, served on the Ops Tech Committee for the El Pollo Loco brand.

**General Background**

3. Pollo West and Mi Pollo are California subchapter S corporations incorporated in 1994 and 1986, respectively. Pursuant to franchise agreements in which El Pollo Loco, Inc. ("EPL") is the franchisor, as of the commencement of the Chapter 11 Case, the Debtors owned and operated 13 "El Pollo Loco" restaurants in Southern California (the "Stores"), employing approximately 255 employees. The Debtors' corporate headquarters is located in Agoura Hills.

4. El Pollo Loco is the nation's leading quick-service restaurant chain specializing in flame-grilled chicken. In 2010, the Debtors had gross revenues of approximately $16.7 million, with net store operating profits of approximately $2.2 million.

5. Although the Debtors consist of two separate corporate entities, each of which maintains its own books and records, the Debtors historically have been, and presently continue to be, effectively operated as a single enterprise, and creditors have traditionally treated the Debtors as a single enterprise.

6. Similar to many food franchisees across the country, the Debtors began experiencing a significant slowdown in business in 2008 arising from the national financial crisis and corresponding reduction of consumer spending. Faced with a significant cash flow reduction, the Debtors stopped making payments to their primary secured creditors, General Electric Capital

2

Corporation ("GECC") and General Electric Capital Business Asset Funding Corporation of Connecticut ("GEBAF," and together with GECC, "GE"), in August 2009 and requested that GE negotiate a loan modification.

7. Extensive negotiation efforts from August 2009 through December 2010 ultimately proved unsuccessful and on December 23, 2010, GE filed a complaint against the Debtors in the Los Angeles County Superior Court and, shortly thereafter, filed an ex parte application for the appointment of a receiver. While the Debtors continued to offer restructuring proposals to GE after the complaint was filed, those proposals were rejected.

8. On February 3, 2011, the Superior Court granted the motion to appoint a receiver. In an effort to preserve the going concern value of the Debtors' assets and business for all creditors and other interested parties, the Debtors commenced these cases promptly after the Superior Court announced its decision to appoint a receiver.

**The Chapter 11 Case and Plan Formation**

9. From the outset of the Chapter 11 Case, the Debtors and their professionals engaged in a thorough and comprehensive analysis in anticipation of creating and proposing a chapter 11 plan of reorganization. Given the nature of the Debtors' operations as a single enterprise, and after investigation and analysis, it became apparent that a single plan of reorganization for the jointly administered Chapter 11 Case would be the most appropriate mechanism by which the Debtors should propose and confirm a feasible plan.

10. The primary source for the funding of the Plan is the sale of seven of the Debtors' Stores prior to the Effective Date. The Debtors have worked diligently to effectuate the efficient closings of the sales of the seven Stores. On or about March 29, 2012, the Debtors closed the sales of the Thousand Oaks Store and the CSUN-Northridge Store. On or about April 12, 2012, the Debtors closed the sale of the Glendale Store. Finally, the Debtors anticipate that the sales of the remaining three Stores sold at the auction (Paso Robles, Newbury Park and Santa Maria) will close prior to May 3, 2012. From the closing of the six sold Stores, the Debtors anticipate receiving net proceeds, after the payment of all closing and transaction costs, including the fees and expenses of

3

the Debtors' broker, National Franchise Sales, Inc., in the approximate amount of $3,375,000.  In addition, the Debtors anticipate that, following the Court's approval of the sale of either the El Segundo Store or the Ventura Store, the sale of such Store will close no later than June 30, 2012 and the Debtors will receive net proceeds of no less than $1,000,000.

11. The Debtors worked diligently to negotiate a consensual restructuring with GE and with the Official Committee of Unsecured Creditors (the "Committee") that would allow the Debtors to emerge from the Chapter 11 Case as a viable operating company, to satisfy the costs of administration of the Chapter 11 Case, and to provide for payment in full to the Debtors' general unsecured creditors.  After extensive negotiations, GE and the Debtors reached agreement on the terms of a plan, and on February 27, 2012, the Debtors filed a plan support agreement entered into between the Debtors and GE.  The Plan incorporates the agreement with GE, as set forth in the plan support agreement.  Similarly, on or about March 1, 2012, the Debtors reached agreement with the Committee on the plan treatment of general unsecured creditors, and the Plan incorporates the agreement with the Committee.

12. The Plan was developed through many months of analysis and arms'-length negotiations by and among the Debtors, GE, the Committee, EPL and the equity holders, among others.

13. The Debtors cannot continue to operate their business without relief from their burdensome obligations and without restructuring their secured obligations to GE.  If the Plan is not confirmed, therefore, the Debtors believe that further sales of a substantial portion of the Debtors' assets or liquidation of each Estate under chapter 7 may be required, in which case the compromises embedded in the Plan are lost, creditors of the Estates may face significant delay in payment on their claims while the assets are liquidated, and the interest holders may suffer the loss of a 25-year business and extremely burdensome tax obligations.

**The Cash Flow Projections**

14. I have worked closely with Anthony Shepherd, the Debtors' Chief Restructuring Officer, to prepare cash flow projections that demonstrate that the Reorganized Debtors will have

4

sufficient cash flow in the coming months and years to both timely satisfy administrative expense and prepetition claims, and remain current with their vendors and other creditors. The projections vary slightly depending on whether the El Segundo Store or the Ventura Store is sold and the exact terms of the treatment of AMRESCO's secured claim. Copies of the cash flow projections are attached to the Declaration of Anthony Shepherd. Based upon my experience as President of the Debtors, the projections reflect relatively conservative assumptions, and I expect that the Reorganized Debtors' actual performance in the coming months will be better than projected.

**Valuation of the Kanan Store**

15.   In May 2011, the Debtors engaged National Franchise Sales, Inc. ("NFS") as their broker and instructed NFS to market and conduct an auction for the sale of up to nine (9) of the Debtors' Stores. An auction for seven (7) of the Stores was held on November 16, 2011.

16.   Following the auction and the receipt of overbids on certain Stores, the final average valuation multiple achieved on the seven Stores was 7.12x the unadjusted store operating cash flow through the latest 12 months ending March 28, 2012. Excluding the Paso Robles Store (because the trailing 12 month store operating profit was negative), the average multiple achieved by the auction for the six Stores with positive store operating profit was 6.51x the unadjusted store operating profit through the latest 12 months ending March 28, 2012.

17.   The store operating profit for the latest 12 months ending March 28, 2012 for the Kanan Store totaled $442,568. Applying the average multiple received from the auction of the six Stores with positive operating profit (6.51x) to the Kanan Store profit total equates to a valuation of $2,880,906 for the Kanan Store.

18.   The El Segundo Store was subject to a limited auction process conducted by NFS and has generated a price of $1,225,000 as of today, but I believe this price likely may be increased as a result of overbidding at the sale hearing. The El Segundo Store generated a trailing 12 month store operating profit of $218,427 through the latest 12 months ending March 28, 2012, implying a valuation multiple of 5.61x. If the El Segundo Store were to sell for the average multiple of 6.51x store profit ultimately generated by the prior Store sales, it would sell for approximately $1,422,000,

1 | or approximately half the value of the Kanan Store.

2 | 19. In addition to enjoying greater profitability than the El Segundo Store, the Kanan Store also has a drive-thru window (which El Segundo does not) that increases sales and customer traffic. The Kanan Store also operates under a recently amended lease with an initial expiration in 2018 plus two, 10-year options, making it one of the longest and most favorable leases in the portfolio.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of April, 2012 at Agoura Hills, California.

_____
Michaela Mendelsohn

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**PEITZMAN WEG LLP**
**2029 Century Park East, Suite 3100**
**Los Angeles, CA 90067**

A true and correct copy of the foregoing document described **DECLARATION OF MICHAELA MENDELSOHN IN SUPPORT OF DEBTORS' PLAN OF REORGANIZATION DATED MARCH 13, 2012** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 23, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- J Scott Bovitz     bovitz@bovitz-spitzer.com
- Martin J Brill     mjb@lnbrb.com
- Alicia Clough     alicia.clough@kayescholer.com
- Brian L Davidoff     bdavidoff@davidoffgold.com, bdavidoff@davidoffgold.com;jreinglass@davidoffgold.com;calendar@davidoffgold.com
- Kristin Knox Esche     kristinknoxesche@dwt.com, lisahernandez@dwt.com
- John D. Faucher     john@hf-bklaw.com, FaucherECF@gmail.com
- Robert A Faucher     rfaucher@hollandhart.com
- Brian D Fittipaldi     brian.fittipaldi@usdoj.gov
- Jerome Bennett Friedman     jfriedman@jbflawfirm.com, bbalonick@jbflawfirm.com;jmartinez@jbflawfirm.com
- Isaac M Gabriel     isaac.gabriel@quarles.com, anthony.cali@quarles.com;sybil.aytch@quarles.com
- Barry S Glaser     bglaser@swjlaw.com
- Leslie S Gold     LGold@GershuniKatz.com
- Mary H Haas     maryhaas@dwt.com, melissastrobel@dwt.com;laxdocket@dwt.com
- Ira Benjamin Katz     IKatz@GershuniKatz.com
- Raffi Khatchadourian     raffi@hemar-rousso.com
- Andy Kong     Kong.Andy@ArentFox.com
- Duane Kumagai     dkumagai@davidoffgold.com
- Mette H Kurth     kurth.mette@arentfox.com
- Steven N Kurtz     lgreenstein@laklawyers.com, rfeldon@laklawyers.com;lkaplan@laklawyers.com;kschwarz@laklawyers.com
- Christopher N Lachowicz     nik@lachowiczlaw.com
- David B Lally     davidlallylaw@gmail.com
- Jordan A Lavinsky     jlavinsky@hansonbridgett.com, kfoster@hansonbridgett.com;nnewman@hansonbridgett.com
- Jennifer Leland     jleland@pwkllp.com
- Leib M Lerner     leib.lerner@alston.com
- Gwendolen D Long     gdl@lnbyb.com
- Lee David Lubin     Leelubin@aol.com
- Anne C Manalili     acmecf@laklawyers.com
- Craig Miller     craigmiller@dwt.com, susanallan@dwt.com;seadocket@dwt.com
- Monserrat Morales     mmorales@pwkllp.com
- Susan K Seflin     sseflin@wrslawyers.com
- David B Shemano     dshemano@pwkllp.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                   **F 9013-3.1.PROOF.SERVICE**

Joseph M VanLeuven    joevanleuven@dwt.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 23, 2012** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Served by U.S. Mail:**
Hon. Victoria S. Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **April 23, 2012** | **Diana Tehranfar** | **/s/ Diana Tehranfar** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**